Ray Gasper v. Commissioner.
Gasper v. Commissioner
Docket No. 32352.
United States Tax Court
T.C. Memo 1956-78; 1956 Tax Ct. Memo LEXIS 216; 15 T.C.M. (CCH) 401; T.C.M. (RIA) 56078; March 30, 1956
*216 Edgar W. Pugh, Esq., for the petitioner. Robert J. Fetterman, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: This proceeding is before us under mandate from the United States Court of Appeals for the Sixth Circuit to redetermine deficiencies in accordance with the opinion of that court which appears at . In determining deficiencies in the petitioner's income tax for the years 1943 through 1946, the respondent, among other things, determined petitioner's gross receipts from the sale of liquor on the basis of percentage mark-ups of purchases. Evidence produced by respondent and relating only to the year 1945 showed that the mark-up method employed by him produced results at variance with the basic facts and was not one calculated to correctly establish the petitioner's receipts. On the basis of the evidence before us we held that the petitioner's receipts from the sale of liquor during 1945 were to be recomputed by multiplying the number of bottles in each selling price group by 22 drinks per bottle and multiplying that product by the selling price per drink. Since the record clearly indicated that the actual number *217 of bottles of liquor purchased during each of the other years in question and the cost of each bottle was available to and in the possession of the petitioner and had also been available to the respondent, we held that the petitioner's receipts for those years were to be recomputed by the method directed for recomputing such receipts for 1945. A Rule 50 hearing was ordered in order that petitioner's receipts from the sale of liquor for all the years involved might be computed in the foregoing manner rather than by the formula applied by respondent. Subsequent hearings were held but neither party submitted recomputations of the tax for years other than 1945 in accordance with our holding or submitted any evidence upon which such recomputations could be made. The reason advanced by the parties for their failure was that they did not have and there was not then available to them the evidence necessary for such recomputations. In that situation we entered, for years other than 1945, decisions based on respondent's determinations of petitioner's receipts from the sale of liquor for those years. On appeal by the petitioner, the Court of Appeals for the Sixth Circuit reversed our action *218 [ and held that since the record showed that the respondent's mark-up formula was not one calculated to correctly reflect petitioner's receipts from the sale of liquor, we erred in entering decisions based thereon. It directed that on remand the respondent be given an opportunity to submit evidence from which the petitioner's receipts from the sale of liquor for the years 1943, 1944 and 1946 could be determined by the method we originally had held applicable, namely, by multiplying the number of bottles in each selling price group by 22 drinks per bottle and multiplying that product by the selling price per drink. Pursuant to the opinion and mandate of the Circuit Court of Appeals, a hearing was had in this proceeding on November 8, 1955, at Detroit, Michigan. At that hearing counsel for the respondent stated that the respondent did not have and had been unable to obtain the evidence required for a computation of the petitioner's receipts from the sale of liquor for the years 1943, 1944 and 1946 in the manner directed by the Circuit Court of Appeals. In view of the foregoing and since it was further shown that the petitioner does not have, and does not *219 have available to him, the evidence required for such a computation, the only remaining action to be taken by this Court under the opinion and mandate of the Circuit Court of Appeals, is the entry of decision for the years 1943, 1944 and 1946, pursuant to the opinion of that court. The parties, therefore, will file recomputations of the petitioner's tax for such years in accordance with that opinion. Decision will be entered under Rule 50.